## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHY L. DAVIS,
             Appellant,

           v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
DA-0752-10-0393-C-1

DATE: September 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James C. Latham, Amarillo, Texas, for the appellant.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement.   Generally, we grant petitions such as this one only when:   the initial decision contains erroneous findings of material fact;   the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.   Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.   In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.   See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed a petition for enforcement alleging that the agency has failed to comply with the final decision in her restoration appeal in which the Board ordered the agency to restore the appellant, effective April 27, 2010, to her former modified assignment, and to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or U.S. Postal Service Regulations, as appropriate. Compliance File (CF), Tab 1. During the proceedings below, the appellant alleged that the agency failed to comply with the Board's Order because: (a) it failed to restore her to the former modified assignment that she held effective April 27, 2010; (b) it failed to correctly calculate the amount of back pay owed to her as a result of deducting health insurance premiums twice; (c) it failed to correctly calculate the interest on the back pay owed to her; and (d) it incorrectly calculated the night differential portion of the back pay owed her. *See* CF, Tab 15. The administrative judge found that the agency restored the appellant, effective April 27, 2010, to the former modified assignment that she held. CF, Tab 18, Compliance Initial Decision (CID) at 3-5. The administrative judge also found that the agency properly deducted the insurance premiums paid by the Office of Workers'

Compensation Programs (OWCP) from the back pay she was entitled to receive, and that the agency properly calculated the interest on the back pay owed the appellant.  CID at 5-6.  Finally, the administrative judge found that the agency established that it properly calculated the night differential portion of the back pay owed to the appellant.  CID at 7.  Accordingly, the administrative judge found that the agency was in full compliance with the Board's order and denied the appellant's petition for enforcement.  CID at 8.

¶3        On review, the appellant reasserts her claim that the agency has failed to comply with the Board's final decision.  We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence; however, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  In this case, the administrative judge thoroughly addressed the issue of whether the agency was in compliance with the settlement agreement, and, while the appellant reiterates the arguments she raised below, we agree with the administrative judge that the appellant has failed to establish that the agency has not complied with the Board's final order.

¶4        Specifically, the appellant reasserts on review that she was not returned to the status quo ante because the duties of her new modified assignment differ from those of the one she held on April 27, 2010.  Compliance Petition for Review (CPFR) File, Tab 1.  However, the administrative judge found that the agency offered the appellant a modified assignment, which the appellant accepted, and that the appellant "agrees that the duties she now performs are the same or very similar to the ones she performed April 27, 2010."  CID at 4-5.  The administrative judge further found that the record reflects that the new modified

assignment affords the appellant the same hours of work and that the duties of the assignment are within the appellant's medical restrictions. CID at 4-5. While the appellant asserts that the documents she submits on review show that she was not returned to the status quo ante, most of these documents were previously submitted into the record below and were considered by the administrative judge. *See* Initial Appeal File, Tab 19, Subtabs F, L; CF, Tabs 5, 11. To the extent that the appellant has submitted additional documents for a first time on review, these documents are not new and the appellant has made no showing that they were unavailable before the record closed despite her due diligence. *See* 5 C.F.R. § 1201.115; *see also Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶5    Moreover, even if the appellant had established that she exercised due diligence in obtaining this evidence, she has not demonstrated that it is of sufficient weight to warrant an outcome different from that of the compliance initial decision. Specifically, the appellant claims that the remaining documents she submits on review show either that she was not returned to the status quo ante or that the modified job offer does not comply with OWCP regulations. CPFR File, Tab 1. However, the documents, which she claims identifies the duties of her position, are immaterial to whether she was returned to the status quo ante because they relate to the duties for the positions of a Mail Processing Clerk and a Sales, Service Distribution Associate. *Id.* The appellant, though, is employed under a "modified" job offer, in a position which includes modified duties from both of these positions. Thus, because the duties identified in the documents are not the same as the duties in her "modified" position, these documents are not material.

¶6    Further, to the extent that the appellant argues that the modified job offer, which OWCP found to be suitable within her medical restrictions, does not comply with OWCP regulations, the Board has found that decisions on the suitability of an offered position are within the exclusive domain of OWCP, and it

is that agency and not the Board that possesses the requisite expertise to evaluate whether a position is suitable in light of that employee's particular medical condition. *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013). Thus, because the Board does not have jurisdiction over OWCP's determination that the appellant's modified job is suitable within her medical restrictions, any documents relating to this argument are not material to whether the appellant has been returned to the status quo ante. Accordingly, the record reflects that the administrative judge properly considered all of the record evidence and made well-reasoned findings in determining that the appellant was returned to the status quo ante, and the appellant has provided no basis upon which to disturb those findings. *See* CID at 3-5.

¶7        The appellant also argues that the agency failed to provide her the correct back pay because it underpaid her approximately $2,400 as a result of her OWCP benefits. CPFR File, Tab 1. However, the agency provided a detailed and well-reasoned explanation for its calculation of the back pay owed to the appellant and its use of the "gross pay" she received from OWCP benefits. CF, Tab 17. Based on the record, the administrative judge correctly found that, because the appellant was required to pay the insurance premium, the agency properly deducted the insurance premiums paid by OWCP from the back pay she was entitled to receive.

¶8        Finally, the appellant argues that she is entitled to 6 hours of night differential pay per week, as opposed to the 5 hours she received from the agency. The Board has held that overtime back pay may be computed based on either pre-removal overtime history or average overtime hours worked by similarly-situated employees during the removal period. *Chacon v. Department of Agriculture*, 115 M.S.P.R. 313, ¶ 10 (2010). The Board will not nullify the method chosen by the agency absent a showing that it is unreasonable or unworkable. *Id.* Here, the agency explained that the appellant's schedule would frequently change according to the agency's needs and that the agency used an

average of the appellant's hours for the past year to calculate the appellant's night differential pay. CID at 7; CF, Tab 17 at 10-11. The agency also included a copy of the calculations used to determine the night differential. CF, Tab 17, Subtab A-14. While the appellant disagrees with the agency's determination to rely on a year's worth of her work schedule instead of the last 4 months, the appellant has not identified any error in this methodology. Accordingly, we agree with the administrative judge that the agency is in full compliance with the Board's final decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                       _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.